UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL G. WASHINGTON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-3426 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Michael G. Washington is an inmate in the custody of the Texas Department of Criminal Justice.  He was convicted of murder in the 228th Judicial District Court of Harris County, Texas, and sentenced to 99 years imprisonment.

Washington's petition contends that the State violated his rights by failing to release him to mandatory supervision upon completion of a certain portion of his sentence.  Washington's *pro se* filings also make reference to the parole board.  It thus appears that Washington argues both that he is entitled to mandatory release, and that he is entitled to release on parole.

I.    Background

Washington's petition concerns a decision by the parole board in 2011.  He does not challenge his conviction or sentence. Therefore, a discussion of the facts of his crime and trial is not necessary.

II.   The Applicable Legal Standards

A.    The Antiterrorism and Effective Death Penalty Act

This federal petition for habeas relief is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See Lindh v. Murphy*, 521 U.S.

1

320, 335-36 (1997).   Under the AEDPA federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).

      B.    The Standard for Summary Judgment in Habeas Corpus Cases

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases."   *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000).   In ordinary civil cases a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the nonmoving party.   *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).   Where, however, a state prisoner's factual allegations have been resolved against him by express or implicit findings of the state courts, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor.   *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981).   In reviewing factual determinations of the Texas state courts, this court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

2

III.     Analysis

      A.     Mandatory Supervision

Washington first claims that he was improperly denied release to mandatory supervision. He contends that the State improperly applied TEX. GOV'T CODE § 508.149(a)(2) to bar his release on mandatory supervision.   Section 508.149 bars release to mandatory supervision of certain categories of felons, including those convicted of murder.   The section took effect in 1997, well after Washington's conviction.

      1.     Successive Petition

Washington raised the same claim in a petition denied by this Court in 2006.   *See Washington v. Dretke*, No. 4:05cv1033 (S.D. Tex. April 25, 2006).  While Washington's current petition specifically complains about a 2011 denial of release to mandatory supervision, the issue raised is the application of TEX. GOV'T CODE § 508.149(a)(2).  That claim was raised and rejected in Washington's 2005 petition on the grounds that the record showed that Washington is identified as a candidate for mandatory supervision when, as provided by Texas law, his calendar time served plus his accrued good conduct credit equal his maximum sentence. *Washington v. Dretke*, slip op. at 15.  The Texas courts, in addressing one of Washington's earlier habeas corpus applications, found that Washington will be eligible for mandatory release in 2018.  *See Ex Parte Washington*, No. 17,446-08 at 100.  Because Washington previously raised this claim, this portion of his current petition is successive.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); *Felker v.*

*Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

Washington presents no evidence that he has sought or received leave from the Fifth Circuit to file this successive petition. Thus, under 28 U.S.C. § 2244(b)(3)(A), this Court lacks jurisdiction to consider Washington's claim that he has been improperly denied release to mandatory supervision.

### 2.    Procedural Default

Even if the petition is not deemed successive, Washington is not entitled to relief because the claim is procedurally defaulted. Washington filed two state habeas corpus applications challenging his continued detention. On the first application, the trial court recommended dismissing the claim as procedurally defaulted because Washington could have raised the claim in a prior application. *See* SH-18, Docket Entry 12-47, at 37-38. The Texas Court of Criminal Appeals ("TCCA") denied the application without written order. *See Ex Parte Washington*, No. WR-17,446-18 (Tex. Crim. App., June 1, 2011). The TCCA denied the second application as successive. *See Ex Parte Washington*, No. WR-17,446-19 (Tex. Crim. App., Oct. 14, 2012).

The procedural default doctrine may bar federal review of a claim. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state

procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). The Supreme Court has noted that

> [i]n all cases in which a state prisoner had defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750-51), *cert. denied*, 523 U.S. 1125 (1998); *see also Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (finding the cause and prejudice standard to be "grounded in concerns of comity and federalism").

To be "adequate" to support the judgment, the state law ground must be both "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 424 (1991). If the state law ground is not firmly established and regularly followed, there is no bar to federal review and a federal habeas court may go to the merits of the claim. *Barr v. Columbia*, 378 U.S. 146, 149 (1964). An important consideration in determining whether an "adequate" state law ground exists is the application of the state law ground to identical or similar claims. *Amos v. Scott*, 61 F.3d 333, 340-41 (5th Cir. 1995). The adequacy of a state law ground to preclude federal court review of federal constitutional claims is a federal question. *Howlett v. Rose*, 496 U.S. 356, 366 (1990).

5

The Texas state courts rejected both of Washington's applications on state procedural grounds. That bar precludes this Court from reviewing Petitioner's claim absent a showing of cause for the default and actual prejudice attributable to the default. *Coleman*, 501 U.S. at 750.

"Cause" for a procedural default requires a showing that some objective factor external to the defense impeded counsel's efforts to comply with the state procedural rule, or a showing of a prior determination of ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Amadeo v. Zant*, 486 U.S. 214, 222 (1988). Washington makes no such showing. Accordingly, this claim is procedurally defaulted.

      B.    <u>Parole</u>

Washington also contends that he was improperly denied parole in a decision by the Texas parole board on January 5, 2011. Respondent argues that this claim is barred by the statute of limitations.

      1.    <u>Statute of Limitations</u>

Under AEDPA, a State prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). The parole board denied Washington parole on January 5, 2011. *See* Motion for Summary Judgment, Exh. A at 2. Washington filed this federal petition on November 16, 2012. Thus, absent tolling of the statute of limitations, Washington filed his petition more than 10 months after the limitations period expired.

28 U.S.C. § 2244(d)(2) provides that the statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . .." The record shows that Washington

filed a state habeas corpus application on or about January 24, 2011.[1] SH-18 (Docket Entry # 12-47) at 12.  The Texas Court of Criminal Appeals denied relief on June 1, 2011.  This application thus tolled the limitations period for 128 days.  He filed another state application on April 30, 2012,[2] which was denied on October 14, 2012.

Nineteen days elapsed between the denial of parole and the date on which Washington filed his first state application challenging the decision.  Another 334 days elapsed between the denial of Washington's first state application on June 1, 2011, and his filing of the second application on April 30, 2012.  Finally, another 29 days elapsed between the denial of the second state application on October 14, 2012, and Washington's filing of this federal petition on November 12, 2012.

Giving Washington the benefit of any doubt as to when he mailed, and thus "filed" his habeas corpus pleadings, his state applications tolled enough time so that his federal petition was filed after 382 days elapsed, exclusive of the time his state applications tolled the limitations period.  It is therefore untimely, and is barred by the one year AEDPA statute of limitations.

2.    Parole

---

[1]    Respondent states that the application was filed on February 11, 2011, which is the date the application was file-stamped.  The date on the signature page of the application, however, is January 24, 2011.  Under the "mailbox rule," a prisoner is deemed to file a document on the date he delivers it to prison officials for mailing.  *See, e.g.*, *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)  While it is unclear when, exactly, Washington presented his application for mailing, it cannot have been any earlier than the date he signed the application–January 24, 2011, but had to be earlier than the date the document was received and file-stamped by the court.  Because the statute of limitations is an affirmative defense, and respondent bears the burden of proving that the petition is untimely, *See Frame v. City of Arlington*, 657 F.3d 215, 239 (5th Cir. 2011), this Court will give Washington every benefit of the doubt as to when he mailed the documents.  Therefore, the January 24 date will be used for this analysis.

[2]    Based, again, on the date contained on the signature page.

Time-bar notwithstanding, Washington is not entitled to relief on this claim. Parole is, by definition, a discretionary decision of the parole board. *See*, *e.g.*, *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007). Because the decision is discretionary, there is no constitutionally protected liberty interest in release on parole. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987). Washington makes, at most, a conclusory allegation that his right to due process of law was violated when he was denied parole. Because, however, he has no constitutionally protected liberty interest in being released on parole, he fails to identify any denial of due process, or state any basis for habeas corpus relief.

IV.     Conclusion

For the foregoing reasons, Washington fails to raise a viable claim for habeas relief. His petition must be dismissed with prejudice for the reasons stated in this opinion.

V.      Certificate of Appealability

Washington has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the

conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).  A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further."  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).  The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  The issue becomes somewhat more complicated where
>  . . . the district court dismisses the petition based on procedural grounds.  We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  However, "the determination of whether a COA should issue must be made by viewing the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)."  *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000), *cert. dismissed*, 531 U.S. 1134 (2001).

This Court has carefully considered Washington's claims.  The Court finds that the claims are foreclosed by clear, binding precedent.  This Court concludes that under such

precedents, Washington has failed to make a "substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). This Court concludes that Washington is not entitled to a certificate of appealability on his claims.

VI.   <u>Order</u>

For the foregoing reasons, it is ORDERED as follows:

1.      Respondent William Stephens' motion for summary judgment (Doc. # 19) is GRANTED;

2.      Petitioner Michael G. Washington's Petition for Writ of Habeas Corpus (Doc. # 1) is in all respects DENIED; and

3.      No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 19th day of May, 2014.

_____
Kenneth M. Hoyt
United States District Judge